IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:20-CV-025-KDB-DCK

| | |
|---|---|
| **JENNIFER MICHELLE HUGHES-ARNETT,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ANDREW M. SAUL,** )<br>**Commissioner of Social Security,** )<br>)<br>**Defendant.** )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 11) and the "Commissioner's Motion For Summary Judgment" (Document No. 13). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be <u>granted</u>; that the "Commissioner's Motion For Summary Judgment" be <u>denied</u>; and that the Commissioner's decision be <u>vacated</u>.

## BACKGROUND

Plaintiff Jennifer Hughes-Arnett ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On or about May 18, 2016, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, alleging an inability to work due to a disabling condition beginning March 26, 2016. (Transcript of the Record of Proceedings ("Tr.") 17). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on or about August 4, 2016, and again after

reconsideration on January 25, 2017. (Tr. 17, 197, 202). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence on file, we have determined that you can adjust to other work.

(Tr. 202).

Plaintiff filed a timely written request for a hearing on March 6, 2017. (Tr. 17, 210 ). On November 28, 2018, Plaintiff appeared and testified at a hearing before Administrative Law Judge Todd D. Jacobson (the "ALJ"). (Tr. 17, 32-63). In addition, G. Roy Sumpter, a vocational expert ("VE"), and Matthew Helm, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on January 29, 2019, denying Plaintiff's claim. (Tr. 14-26). Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on December 18, 2019. (Tr. 1-3). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on February 19, 2020. (Document No. 1). On March 6, 2020, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Summary Judgment" (Document No. 11) and "Plaintiff's Memorandum Of Law In Support Of Motion For Summary Judgment …" (Document No. 12) were filed June 29, 2020; and the "Commissioner's Motion For Summary Judgment" (Document No. 13) and "Memorandum Of Law In Support Of The Commissioner's Motion For Summary

Judgment" (Document No. 14) were filed August 21, 2020. "Plaintiff's Reply" (Document No. 15) was filed September 4, 2020.

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Kenneth D. Bell is now appropriate.

## STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the

3

medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). "[A] reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Peace v. Berryhill, 2019 WL 2406626, at *1 (4th Cir. June 7, 2019) (quoting Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017)). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between March 26, 2016, and the date of his decision.[1] (Tr. 18). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

>   >   listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
>   (4)   whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
>   (5)   whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 25-26).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since March 26, 2016, her alleged disability onset date. (Tr. 19). However, the ALJ notes that Plaintiff "testified that she performs part-time work as a substitute teacher." Id.

At the second step, the ALJ found that Plaintiff's: degenerative disc disease, fibromyalgia, obesity, anxiety disorder, and mood disorder were severe impairments.[2] (Tr. 20). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. Id.

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

> she could frequently climb but only occasionally stoop. She could perform simple, routine, repetitive tasks for two-hour interval throughout the day for the duration of the workday. She could tolerate occasional interaction with the public.

(Tr. 21). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." (Tr. 22).

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a cashier checker, general (office) clerk, and child care leader. (Tr. 24-25). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "[c]onsidering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 26). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a storage facility rental clerk, a checker I, and a mail clerk (non-postal office). Id. Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between March 26, 2016, and the date of his decision, January 29, 2019. Id.

Plaintiff on appeal to this Court makes the following assignments of error: (1) the "ALJ failed to follow the treating physician rule and rejected Dr. Kimmel's opinion without providing appropriate reasons" and (2) the "ALJ's mental RFC assessment is not supported by substantial evidence because he rejected Dr. Broman-Fulks' and Ms. McKinney's opinions and he failed to weigh the opinions of the state agency consultants." (Document No. 12, p. 5).

### A. Treating Physician Opinion

In the first assignment of error, Plaintiff argues that the ALJ "utterly failed to consider Dr. Kimmel's opinion in accordance with the treating physician rule." (Document No. 12, p. 8). Plaintiff notes that "[A] treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." (Document No. 12, p. 6) (quoting Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) and citing 20 C.F.R § 404.1527).

Plaintiff contends that "the ALJ rejected Dr. Kimmel's opinion not because it was inconsistent with the evidence, but because it was inconsistent with Plaintiff's part time work." Id. (citing Tr. 24). Plaintiff then argues that there is no inconsistency between Plaintiff's part time work and Kimmel's opinion because, *inter alia*, she worked 0-5 days per month, and she testified that "if she works two days in a row, she cannot get out of bed the next day due to pain." (Document No. 12, p. 7) (citing Tr. 40-41). Moreover, when Dr. Kimmel provided his opinion in 2017, Plaintiff was not working at all. Id. (citing Tr. 303-304).

In response, Defendant asserts that the ALJ reasonably concluded that the limitations in Dr. Kimmel's opinion "were extreme and inconsistent with the evidence that Ms. Hughes-Arnett could teach high school algebra classes, attend social functions, and care for her ill mother." (Document No. 14, p. 7) (citing Tr. 24, 591). Defendant further asserts that the ALJ's analysis was not erroneous based on Plaintiff's inability to work at the time Dr. Kimmel rendered his opinion, because the ALJ was charged to evaluate the entire period at issue. (Document No. 14, p. 8). "To the extent that Dr. Kimmel's opinion reflected a low point in Ms. Hughes-Arnett's functioning, the ALJ was not required to simply apply it to the entirety of the nearly three-year

7

period under review." Id. See also (Tr. 49) ("Hughes Arnett testified that the day she was examined by Dr. Kimmel was 'a bad day.'").

The undersigned finds Plaintiff's position to be persuasive on this issue. In short, the ALJ's explanation, or lack thereof, for the weight given to the treating physician's opinion frustrates meaningful review. This Court has noted that:

> an ALJ must "give good reasons in the notice of the determination or decision for the weight given to a treating source's medical opinion." S.S.R. 96–2p, 1996 WL 374188, at *5 (July 2, 1996). Specifically, the "notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Id.

Ponder v. Berryhill, No. 1:15-CV-289-RJC, 2017 WL 1246350, at *6 (W.D.N.C. Mar. 31, 2017)

Here, the ALJ opined that "Dr. Kimmel's work limitations **are extreme and obviously inaccurate** *because* the claimant works part-time as a substitute teacher in which she sits or stands more than one hour throughout the day." (Tr. 24) (emphasis added). The ALJ seems to completely discount Dr. Kimmel's findings from March 2017, based on Plaintiff's alleged ability to work part-time as a substitute teacher in 2018. Moreover, even when Plaintiff did substitute teach, she worked 0-5 days per month. See (Tr. 40-44). Plaintiff, responding to the ALJ's questioning, testified that she worked "about three days" during the first quarter of 2018. (Tr. 40).

The ALJ's reliance on Plaintiff's sporadic, part time substitute teaching to reject Dr. Kimmel's opinion appears to be misplaced. In fact, Dr. Kimmel's March 2017 opinion that Plaintiff would be absent from work more than four times a month is entirely consistent with the hearing testimony elicited by the ALJ in November 2018 that Plaintiff worked, at most, a few

8

days a month.  As such, the undersigned cannot find that the ALJ has given good or sufficient reasons for giving little weight to the treating physicians' opinion.

The undersigned finds this deficiency in the ALJ's decision significant enough to cast doubt on whether substantial evidence supports the decision, and therefore, the undersigned will recommend that this matter be remanded for further consideration.  The undersigned finds Plaintiff's second alleged error regarding her mental assessment to be less persuasive, but suggests that an ALJ carefully consider all Plaintiff's alleged errors upon review.

It is possible, if not likely, that upon further review it will be determined that Plaintiff is not disabled;  nevertheless, the undersigned is persuaded that this Court needs a more thorough explanation from an ALJ before it can affirm such a conclusion.

## CONCLUSION

The undersigned finds that there is *not* "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence does not support the Commissioner's decision.  Richardson v. Perales, 402 U.S. 389, 401 (1971);  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  As such, the undersigned will recommend that the Commissioner's decision be vacated, and this matter be remanded for further consideration.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 11) be **GRANTED**;  the "Commissioner's Motion For Summary Judgment" (Document No. 13) be  **DENIED;** and the Commissioner's determination be **VACATED** and **REMANDED** for further consideration.

9

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 208). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: February 24, 2021

David C. Keesler
United States Magistrate Judge